CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 18 2010
JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GEORGE WILLIAM JONES, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WESTERN VA REGIONAL JAIL, )<br>    Defendant. ) | Civil Action No. 7:09-cv-00458<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff George William Jones, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff alleges that the defendant, the Western Virginia Regional Jail ("Jail"), is liable for its medical staff's alleged insufficient medical care. Plaintiff requests that the Jail pay him $5,000,000 and fix his medical problems. This matter is before me for screening, pursuant to 28 U.S.C. §§ 1915 and 1915A. After reviewing the record, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges that he got hurt while working as a Jail trustee and that the Jail's medical staff treated him only with Ibuprofen. A week later, plaintiff received an X-ray from the Jail's doctor. However, plaintiff alleges that he still has problems with pain and stiffness in his upper body. Plaintiff received a second X-ray the following week, and plaintiff's request for a sugar check was denied a week later. The medical staff allegedly told plaintiff he needed an MRI but that the Jail can not provide that service. Plaintiff also alleges that the Jail violates his constitutional rights by putting him in segregation without a television.

The court conditionally filed the complaint on January 15, 2010, advised plaintiff that he failed to state a claim upon which relief may be granted, and requested an amendment within

fifteen days. The order was returned to the court on January 25, 2010, as undeliverable, and the court immediately resent the conditional filing order to plaintiff's updated address at a Virginia Department of Corrections facility. More than fifteen days have passed since the court entered the conditional filing order, and plaintiff did not submit an amended complaint. Even if the court equitably tolled the fifteen day period until the court re-mailed the order on January 25th, plaintiff did not comply with the conditional filing order within the provided time. Accordingly, I proceed to screen the original complaint.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). However, determining whether a complaint states a plausible claim for relief is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, the Eleventh Amendment of the United States Constitution restricts federal judicial power; a state may not be sued in federal court for violating either state or federal law unless Congress specifically so provides or the state consents to the suit. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment also bars claims against any party where the state is the real party in interest. Id. at 101. In accordance with the Eleventh Amendment, I adopt the reasoning and holding of McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893 (E.D. Va. April 13, 1992), which held that the degree of state involvement in the administration of local and regional jails in Virginia mandates that local and regional jails be considered arms of the state. Furthermore, Congress has not made an applicable

3

exception and the Commonwealth of Virginia has not consented to § 1983 liability. Therefore, plaintiff demands money from an entity that is immune from § 1983 damages.

Plaintiff also requests injunctive relief from the Jail to treat his various medical complaints. "[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction . . . . [A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (quotations and citations omitted). Particularly relevant here, "[m]ootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997). Plaintiff's request for equitable relief is moot because plaintiff admits he is no longer within the custody of the Jail, and, thus, the Jail is not able to provide him the relief he requests. Therefore, plaintiff may not receive equitable relief and seeks damages from an immune entity. Accordingly, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This 16th day of February, 2010.

Senior United States District Judge